**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEVEN C. MILLER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 17-11665

Hon. Marianne O. Battani

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Before the Court are objections filed by Plaintiff Steven C. Miller (Dkt. 16) to Magistrate Judge David R. Grand's March 19, 2018 Report and Recommendation ("R & R") (Dkt. 15). In the R & R, the Magistrate Judge recommends that the Court deny Plaintiff's motion for summary judgment (Dkt. 12), grant the Defendant Commissioner of Social Security's motion for summary judgment (Dkt. 13), and affirm the challenged decision of the Defendant Commissioner. For the reasons discussed below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's R & R in its entirety.

## II. STATEMENT OF FACTS

Neither party objects to the Magistrate Judge's survey of the background facts concerning Plaintiff's claim for Social Security disability insurance benefits, his medical and treatment history, and his testimony at the administrative hearing. Accordingly, the Court adopts these unchallenged portions of the R & R.

## III. STANDARD OF REVIEW

A district court must conduct a *de novo* review of any portion of a magistrate judge's R & R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of matters referred to a magistrate judge. *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1988).

The Court must affirm the decision of the Defendant Commissioner so long as "it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241 (internal quotation marks and citation omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter

differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health & Human Services,* 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

When determining whether the Defendant Commissioner's factual findings are supported by substantial evidence, the Court confines its examination to the administrative record considered as a whole. *Wyatt v. Secretary of Health & Human Services,* 974 F.2d 680, 683 (6th Cir. 1992) (internal quotation marks and citation omitted). There is no requirement, however, that either the Commissioner or this Court must discuss every piece of evidence in the record. *Kornecky v. Commissioner of Social Security,* No. 04-2171, 167 F. App'x 496, 508 (6th Cir. Feb. 9, 2006). Further, this Court does not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

## IV.  ANALYSIS

Plaintiff has identified nine objections to the R & R. First, he reiterates his contention in his underlying summary judgment motion that the Administrative Law Judge ("ALJ") failed to explain with specificity her Step Three determination that Plaintiff's impairments did not meet or medically equal Listing 1.02A of the Listing of Impairments. Yet, the Magistrate Judge observed that under the law of this Circuit, a court may look to the ALJ's decision as a whole in determining whether the ALJ considered the appropriate factors and evaluated the evidence pertinent to a Step Three analysis  (*See* R & R at 6-7.)  Plaintiff acknowledges that this is a correct statement of the law, (*see* Dkt. 16, Plaintiff's Objections at 1), but he nonetheless insists, without elaboration or any effort at developed argument, that the ALJ's decision

does not meet this standard.  The Magistrate Judge thoroughly and persuasively addressed this issue, (*see* R & R at 6-10), and Plaintiff has not identified any flaws in this analysis.  Accordingly, this objection lacks merit.

Plaintiff next appears to broadly challenge the ALJ's reliance — in this case and perhaps even more generally — on the opinion of a non-examining state agency physician in determining the nature and extent of Plaintiff's impairments and limitations.  Despite his recognition that the governing Social Security regulations characterize such consulting physicians as "highly qualified and expert in Social Security evaluation," (Plaintiff's Objections at 2 (quoting 20 C.F.R. § 404.1513a(b)(1))), Plaintiff seemingly suggests that this characterization is unwarranted because of the purportedly high "error rate" of such consultants in past cases, (*id.* at 3).  Plaintiff does not cite any legal authority, however, that might permit this Court to disregard the agency findings reflected in the pertinent Social Security regulations, and to instead substitute its own judgment — based on Plaintiff's cherry-picked statistics having nothing to do with the specific state agency physician and evidentiary record in this case — as to the general reliability of the opinions of non-examining consulting physicians.  The Court declines Plaintiff's invitation to rewrite the Social Security regulations, but instead concurs in the Magistrate Judge's determination that the ALJ properly relied on the opinion of the state agency physician in this case, Eric VanderHaagen, D.O.  (*See* R & R at 7, 11-13.)

Next, Plaintiff faults the ALJ for failing to give sufficient weight to the findings of a consultative examiner, Neil Johnson, M.D., and he likewise asserts that the Magistrate Judge failed to properly recognize and evaluate this deficiency in the ALJ's decision.  Yet, as a threshold matter, the Defendant Commissioner correctly observes that the

4

statements in Dr. Johnson's report that Plaintiff identifies as improper discounted — *i.e.,* that Plaintiff was "not even comfortable [lifting] a gallon [of milk] [with] his left arm," and that his "knees and ankles make standing and climbing difficult to impossible," (Admin. Record at 371-72)[1] — likely do not qualify as medical opinions.  Under the relevant Social Security regulation, a medical opinion is defined as identifying "what [the claimant] can do despite [his] impairment(s), and [his] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1).  Dr. Johnson's statement that Plaintiff was "not . . . comfortable" lifting a gallon of milk does not specify how much weight Plaintiff can lift with his left arm — and, in fact, Dr. Johnson appears to simply repeat Plaintiff's own report that "he avoids lifting even a gallon in the left arm."  (Admin. Record at 368.)  As for Dr. Johnson's statement that Plaintiff's "knees and ankles make standing and climbing difficult to impossible," while Plaintiff views this as tantamount to a finding that he could not "ambulate effectively," (Plaintiff's Objections at 4-5), this suggested reading cannot be squared with Dr. Johnson's express finding upon examination that Plaintiff "walked with an antalgic small stepped gait with mild limp to the right without the use of an assistive device," (Admin. Record at 369), or with Plaintiff's own report to Dr. Johnson that he "d[id] not use an assistive device" and could "walk 1/8 of a mile" and "sometimes do stairs," (*id.* at 368).  More generally, nowhere in Dr. Johnson's report does he opine about Plaintiff's ability to ambulate or identify any express limitations on

---

[1]As Defendant points out, Plaintiff has taken some liberties in recounting the statements in Dr. Johnson's report, quoting this physician as purportedly opining that Plaintiff "would be limited to lifting less than a gallon of milk (8 lbs) with his left hand." (Plaintiff's Objections at 3 (citing Admin. Record at 371).)  Dr. Johnson made no such explicit finding.

5

Plaintiff's ability to walk, and this Court declines Plaintiff's invitation to extrapolate from the opinions and findings that Dr. Johnson did offer.

In any event, the Magistrate Judge correctly explained that Dr. Johnson's opinions are consistent with the ALJ's Step Three analysis and determination of Plaintiff's residual functional capacity ("RFC"). Regarding Plaintiff's capacity for lifting, the ALJ determined that Plaintiff could "lift and[/]or carry 20 pounds occasionally and ten pounds frequently with [his] right upper extremity," but was limited to "lift[ing] and/or carry[ing] ten pounds occasionally and five pounds frequently with [his] left upper extremity." (Admin. Record at 47.) Nothing in Dr. Johnson's report contradicts this determination — to the contrary, the Magistrate Judge noted that these findings are "consistent with Dr. Johnson's opinion that [Plaintiff] continued to experience left arm problems post-surgery, and could not do the heavy lifting required in his prior job as an ironworker." (R & R at 11.) Regarding Dr. Johnson's statement that Plaintiff's "knees and ankles make standing and climbing difficult to impossible," (Admin. Record at 372), the Magistrate Judge concluded that this finding was "insufficient to establish ineffective ambulation," given the "definition of effective ambulation" as demanding a showing of "an *extreme* limitation of the ability to walk," (R & R at 8, 10 (internal quotation marks and citation omitted)). Even to the extent that Dr. Johnson's report could be read as opining that Plaintiff could not ambulate effectively, the Magistrate Judge identified ample evidence in the record that supports the ALJ's contrary conclusion, (*see id.* at 7-9), and this provides a sufficient basis for upholding the ALJ's decision.

Plaintiff next faults the Magistrate Judge for "equat[ing] the ability to perform activities of daily living with an ability to ambulate effectively." (Plaintiff's Objections at

6

5.)  The Magistrate Judge did no such thing, however, but instead properly looked to Plaintiff's ability to carry out daily activities as **one factor**, among others, in evaluating the ALJ's Step Three analysis.  (*See* R & R at 8-9 (observing that the Social Security "regulations specifically provide that the ability to independently complete daily activities is consistent with effective ambulation").)  Although it is true, as Plaintiff observes, that not all activities of daily living are reflective of an individual's ability to ambulate effectively, the Magistrate Judge appropriately focused on those that are, including hunting, fishing, mowing the lawn, and shopping at stores.  (*Id.* at 9.)  This objection, therefore, is overruled.

As his fifth objection to the R & R, Defendant advances an across-the-board challenge to the ALJ's assessment of the various medical opinions in the record.  He first complains that the ALJ gave "great weight" to the opinion of Dr. Byron Chamberlain, Plaintiff's arm surgeon, despite the inconsistency between this doctor's statement that Plaintiff "could return to work with no restrictions" and a subsequent MRI that revealed a "partial thickness tear" in his left biceps tendon.  (Admin. Record at 48, 50.)  Yet, as explained by the Magistrate Judge, "this argument mischaracterizes the ALJ's analysis," as it ignores the ALJ's express decision to discount Dr. Chamberlain's finding of "no restrictions" in light of "subsequent records" revealing that Plaintiff "does have . . . residual limitations in [the] use of [his] left upper extremity."  (R & R at 11 (quoting Admin. Record at 50).)  Next, to the extent that Plaintiff reiterates his complaint about the weight given to Dr. Johnson's opinions, the Court has already addressed this in response to an earlier objection.

7

Plaintiff's fifth objection also incorporates a challenge to the ALJ's reliance on the findings of an occupational therapist, Amy Williams. In Plaintiff's view, the ALJ improperly failed to account for the fact that Ms. Williams's evaluation "was conducted at the request of a non-treating physician who had been retained by [a] workers' compensation carrier in fighting" Plaintiff's claim for workers' compensation benefits. (Plaintiffs' Objections at 8.) As Defendant points out, however, Plaintiff did not raise this argument in his underlying motion for summary judgment, and he cannot do so for the first time in his objections to the R & R. *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Swain v. Commissioner of Social Security,* No. 09-3500, 379 F. App'x 512, 517-18 (6th Cir. June 7, 2010). Finally, to the extent that Plaintiff contends that the ALJ improperly discounted the opinions of treating physicians Paul LaClair, M.D., David Bortel, M.D., and Anthony de Bari, M.D., he has forfeited this challenge by failing to advance any sort of developed argument on this point in his underlying summary judgment motion. In any event, the Magistrate Judge addressed this issue despite Plaintiff's failure to pursue it in any meaningful way, and the Court fully concurs in the Magistrate Judge's resolution of this matter. (*See* R & R at 11-13 & n.4.)

Next, Plaintiff takes issue with the Magistrate Judge's determination that he forfeited any possible argument for a remand under sentence six of 42 U.S.C. § 405(g) by failing to "argue for a sentence six remand in his motion for summary judgment" and offering only a "one-sentence, conclusory assertion in his reply brief" that a sentence six remand was appropriate. (R & R at 11-12 n.4.) Yet, while Plaintiff insists that his counsel "asked for a Sentence Six remand" and that no "magic words" are necessary to make this request, (Plaintiff's Objections at 9), he fails to suggest any defect in the

Magistrate Judge's ruling, supported by citation to Sixth Circuit precedent, that he raised this issue too late and in too cursory a fashion to warrant consideration by the Court. Moreover, Plaintiff has not attempted, whether in his underlying summary judgment motion or in his present objections, to make the showing required to justify a sentence six remand.

As his next objection, Plaintiff states in wholly conclusory fashion that there is "no rational basis" for the ALJ's assessment of his credibility or, by extension, her overarching decision to deny his request for benefits. (*Id.* at 10-11.) Yet, the ALJ identified specific reasons for discounting Plaintiff's credibility, (Admin. Record at 49-50), and the Magistrate Judge determined that this assessment was supported by substantial evidence in the record, (*see* R & R at 14-16). Plaintiff has not lodged any specific objections to either of these determinations, so the Court need not address this matter any further.

Plaintiff next takes issue with the ALJ's and Magistrate Judge's reliance on his receipt of unemployment benefits as a basis for discounting his credibility. As explained by the Magistrate Judge, however, the ALJ acted in accordance with the case law by considering Plaintiff's receipt of unemployment benefits as a relevant factor in assessing his credibility, (*see* R & R at 15-16), and Plaintiff has not identified any authority to the contrary. Although Plaintiff insists that the case law cited by the Magistrate Judge is factually distinguishable because he stopped collecting benefits once an MRI revealed an ongoing impairment, it is left to the ALJ in the first instance to evaluate a claimant's credibility. The Court fully concurs in the Magistrate Judge's finding that the ALJ

9

reasonably exercised this discretionary authority by considering Plaintiff's receipt of unemployment benefits as part of her overall credibility determination.

Finally, Plaintiff advances the generalized objection that the ALJ's decision "is not supported by substantial evidence." (Plaintiff's Objections at 12.) This catchall objection, however, is subsumed within Plaintiff's more specific challenges to particular portions of the R & R, and need not be separately addressed.

## V. CONCLUSION

The Court has reviewed *de novo* the entire record and the pleadings, giving particular attention to those portions of the record relevant to Plaintiff's objections. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's March 19, 2018 report and recommendation (Dkt. 15) in its entirety, and **OVERRULES** Plaintiff's April 2, 2018 objections to the report and recommendation (Dkt. 16). Accordingly, Plaintiff's motion for summary judgment (Dkt. 12) is **DENIED**, Defendant's motion for summary judgment (Dkt. 13) is **GRANTED**, and the challenged decision of the Defendant Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date: November 6, 2018
s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 6, 2018.

                                                      s/ Kay Doaks
                                                     Case Manager